**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

JAMES W. PETERS/YOSHIYAH, JR                                        PLAINTIFF
ADC #124686

V.                                    NO: 2:07CV00031 WRW/HDY

DENNIS WILSON *et al.*                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge William R. Wilson, Jr.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.      Why the record made before the Magistrate Judge is inadequate.

    2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the
        hearing before the District Judge in the form of an offer of
        proof,  and a copy,  or the original, of any documentary or
        other non-testimonial evidence desired to be introduced at
        the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary

hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

        Clerk, United States District Court
        Eastern District of Arkansas
        600 West Capitol Avenue, Suite A149
        Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff filed this complaint on February 26, 2007.  In his original and amended complaint,

Plaintiff asserted that he was unable to fully practice his religious faith.[1]  On March 27, 2009,

Plaintiff filed a motion to voluntarily dismiss his complaint (docket entry #70).  In that motion,

Plaintiff stated that the Arkansas Department of Correction ("ADC") had provided the religious

accommodations that he sought, and that he understood that the dismissal would resolve all legal

issues raised in the lawsuit.  On March 31, 2008, United States District Judge William R. Wilson,

Jr., dismissed this case without prejudice (docket entries #72-#73).

On February 2, 2009, Plaintiff filed three motions, seeking relief under Fed.R.Civ.P. 60(b),

to serve an amended complaint adding new claims and Defendants, and to certify the case as a class

action (docket entries #77-#79).  Defendants have filed a response in opposition, and a brief in

---

[1]Plaintiff states that he is a member of the House of Yahweh, and is required to observe
Yahweh's 613 laws of health and peace.  Plaintiff asserts that he is also required to keep weekly
Sabbaths and to observe certain feast days.

2

support (docket entries #83 & #84).

According to Plaintiff, since he agreed to not pursue his case, he has had "nothing but problems" practicing his religion, and contends that Defendants have not done "anything beyond the bare minimum" to comply with the parties' agreement (docket entry #78).  The agreement (docket entry #84, exhibit #1) is dated March 26, 2008, and indicates that Plaintiff will be given a job assignment which will allow him to work only Monday through Friday, and to do volunteer work assigned by the chaplain on his High Feast Days.  The agreement also indicates that Plaintiff will be given at least nine peanut butter sandwiches on Friday to eat as a religious accommodation on Saturday, and that he will be allowed to view religious videos twice a month, along with other inmates from the East Arkansas Regional Unit who wish to view the videos.  The agreement does note that, if the chaplain is unavailable to monitor the programming, it will be cancelled and not made up.

Plaintiff now specifically seeks to challenge a ban on certain publications from the House of Yahweh that have not before been an issue, claims he is denied weekly Sabbath services and high Sabbath services, is having "dietary issues," and is denied permission to teach other members of the House of Yahweh during Sabbath services.  In a proposed amended complaint Plaintiff has attached, he seeks to add new Defendants, and to have the case certified as a class action.

Under Fed.R.Civ.P. 60(b), a party may be granted relief from a final judgment for, among other things, mistake, fraud, misrepresentation, or misconduct by an opposing party.  If, as Plaintiff asserts, Defendants are complying with the "bare minimum" of his agreement, there is no reason to cause the Court to believe that he should be provided relief from the judgment dismissing his complaint.   None of the issues about which Plaintiff now complains are issues which are

encompassed by the parties' agreement.  Moreover, in his proposed amended complaint (docket entry #79, exhibit #2), Plaintiff acknowledges that he is permitted to gather on the second and fourth Wednesday of each month, and that he receives nine peanut butter sandwiches prior to each Sabbath, just as contemplated by the agreement.  Thus, it appears that Defendants are in compliance with the agreement, and there is no basis to grant relief under Fed.R.Civ.P. 60(b).  Plaintiff may not rescind a voluntary agreement because he now believes it is disadvantageous.  *Worthy v. McKesson*, 756 F.2d 1370 (8th Cir. 1985).  To the extent that Plaintiff is seeking to make additional claims, he may file a new lawsuit, and if there are other members of the House of Yahweh who believe their constitutional rights have been violated, they may file a lawsuit of their own.

IT IS THEREFORE RECOMMENDED THAT:

1.      Plaintiff's motion for relief pursuant to Fed.R.Civ.P. 60(b) (docket entry #78) be DENIED.

2.      In light of this recommendation, Plaintiff's motions for service, and to amend his complaint (docket entries #77 & #79) be DENIED AS MOOT.

DATED this   20   day of March, 2009.

_____
UNITED STATES MAGISTRATE JUDGE